IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALERT HOLDINGS GROUP, INC., dba ALERT ALARM HAWAII,<br><br>        Plaintiff,<br><br>  vs.<br><br>TREVYN SMITH; SAFE HOME CONTROL, INC.; ERICA SMITH; MICHAEL BIRCHALL; JOHN AND JANE DOES 1-20; DOE PARTNERSHIPS 1-20; DOE CORPORATIONS 1-20; DOE LLCS 1-20; DOE GOVERNMENTAL UNITS 1-20; AND DOE ENTITIES 1-20,<br><br>        Defendants. | CIVIL NO. 18-00391 KJM<br><br>ORDER DENYING DEFENDANTS SAFE HOME CONTROL, INC. AND ERICA SMITH'S MOTION TO DISMISS ALL CLAIMS AGAINST TREVYN SMITH PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 25 |

ORDER DENYING DEFENDANTS SAFE HOME CONTROL, INC. AND ERICA SMITH'S MOTION TO DISMISS ALL CLAIMS AGAINST TREVYN SMITH PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 25

On January 15, 2020, Defendants Safe Home Control, Inc. and Erica Smith (collectively, the "SHC Defendants") filed a Motion to Dismiss All Claims Against Trevyn Smith Pursuant to Federal Rule of Civil Procedure 25 ("Motion"). ECF No. 111. On January 29, 2020, Plaintiff Alert Holdings Group, Inc. dba Alert Alarm Hawaii ("Plaintiff") filed its Memorandum in Opposition to the Motion

("Opposition"). ECF No. 134. On February 5, 2020, the SHC Defendants filed their Reply. ECF No. 147.

The Court held a hearing on the Motion on February 10, 2020. Gregory Kugle, Esq., appeared on behalf of the SHC Defendants, and Stephanie Teece, Esq., appeared on behalf of Plaintiff. After carefully considering the memoranda, arguments, and the record in this case, the Court DENIES the Motion.

## BACKGROUND

This case concerns a dispute among Plaintiff and Defendant Safe Home Control, Inc. ("Defendant SHC"), competing entities in the business of selling, installing, and operating electronic security systems, and Defendants Erica Smith ("Defendant Erica") and Trevyn Smith ("Defendant Trevyn"), who initially worked for Plaintiff before leaving to join Defendant SHC.[1] The Court and the parties are familiar with the facts and issues in this case. The Court thus recites only those facts relevant to the disposition of the Motion.

On October 2, 2018, Plaintiff filed a Third Amended Complaint in the Circuit Court of the First Circuit, State of Hawaii. ECF No. 1-1. On October 12, 2018, Defendants removed the action to this district court. ECF No. 1. The Third Amended Complaint asserts the following causes of action: (1) Count I – Breach of Contract against Defendant Trevyn; (2) Count II – Misappropriation of Trade Secrets

---

[1] The Court refers to Defendant Erica and Defendant Trevyn collectively as, the "Smith Defendants." In addition, the Court refers to Defendant SHC and the Smith Defendants collectively as, "Defendants."

against Defendants; (3) Count III – Fraud against the Smith Defendants; (4) Count IV – Interference with Existing Contracts and/or Prospective Economic Advantage against Defendants; (5) Count V – Unfair Methods of Competition against Defendants SHC and Birchall; (6) Count VI – Civil Conspiracy against Defendants; and Count VII – Injunctive Relief.  On December 20, 2018, Defendants file an Amended Counterclaim, which asserts the following counterclaims against Plaintiff: (1) Count I by Defendants – Tortious Interference with Contracts and/or current and Prospective Economic Relations; (2) Count II by Defendants – Unfair Competition; (3) Count III by Defendant Trevyn – Breach of Contract; and (4) Count IV by the Smith Defendants – ERISA Violation.

On September 20, 2019, Defendants' counsel filed a Suggestion of Death of Defendant Trevyn Smith ("Suggestion of Death"), indicating that Defendant Trevyn had passed away in July 2019.  ECF No. 62.  Defendants' counsel did not file a certificate of service regarding the Suggestion of Death.  Defendants subsequently filed the instant motion on January 15, 2020.

## DISCUSSION

The Motion asks the Court to dismiss all claims in the Third Amended Complaint against Defendant Trevyn pursuant to Federal Rule of Civil Procedure 25. Rule 25(a) provides the procedure for substitution of parties in the event of a party's death:

> If a party dies, and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. *If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.*

Fed. R. Civ. P. 25(a)(1) (emphasis added). Plaintiff's Opposition contends that "it is unclear whether the Suggestion of Death complies with Rule 25" because the Suggestion of Death does not identify Defendant Trevyn's personal representative. *See* ECF No. 134 at 5-8. Based on this contention, Plaintiff appears to argue that the SHC Defendants did not trigger the 90-day period provided for in Rule 25(a)(1).

"A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 *and on nonparties* as provided in Rule 4. *A statement noting death must be served in the same manner.*" Fed. R. Civ. P. 25(a)(3) (emphasis added). The Ninth Circuit has interpreted this language as requiring two affirmative steps to trigger the 90-day period:

> Rule 25(a) . . . "requires two affirmative steps in order to trigger the running of the 90 day period. First, a party must formally suggest the death of the party upon the record. Second, the suggesting party must serve other parties *and* nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute."

*Gilmore v. Lockard*, 936 F.3d 857, 865 (9th Cir. 2019) (emphasis in *Gilmore*) (quoting *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994)). Although Plaintiff's Opposition does not cite to *Gilmore*, the Court agrees that the SHC Defendants have not triggered the 90-day period under Rule 25(a).

The SHC Defendants contend that *Gilmore* is distinguishable because "[i]t is no secret that [Defendant] Erica was [Defendant] Trevyn's wife and one of his successor [sic] for purposes of Rule 25." ECF No. 147 at 10 (citing *In re Baycol Prods. Litig.*, 616 F.3d 778, 784-85 (8th Cir. 2020)). In other words, the SHC Defendants argue that Rule 25 did not require them to identify a personal representative in the Suggestion of Death because Plaintiff should have known that it was Defendant Erica. The Court disagrees.

Adopting the SHC Defendants' argument would mean putting the burden on Plaintiff to seek out the information and confirm that Defendant Erica is, in fact, Defendant Trevyn's personal representative. Pursuant to *Gilmore,* placing such a burden on Plaintiff is improper under the circumstances. *See Gilmore*, 936 F.3d at 866-67 (holding that the district court erred by placing the burden on the plaintiff to identify the decedent defendant's successor or personal representative). Despite the SHC Defendants' suggestion that Defendant Erica is the obvious choice as the personal representative of Defendant Trevyn's estate—and while Plaintiff could have simply asked—Defendant Erica and her counsel, who was also Defendant Trevyn's counsel, are much better suited than Plaintiff to confirm or deny this. *See id.* at 867 ("Here, we require, at minimum, identification of [the deceased defendant's] successor or personal representative by Defendants, given that they were much better suited than [the plaintiff] to identify the proper parties.").

Moreover, there is no certificate of service in the record indicating that the SHC Defendants properly served the Suggestion of Death upon Defendant Trevyn's personal representative. The Court thus finds that the SHC Defendants have not triggered the 90-day period under Rule 25(a). Accordingly, the Court denies the Motion.[2]

## CONCLUSION

Based on the foregoing, the Court DENIES the SHC Defendants' Motion to Dismiss All Claims Against Trevyn Smith Pursuant to Federal Rule of Civil Procedure 25 (ECF No. 111).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 10, 2020.

Kenneth J. Mansfield
United States Magistrate Judge

*Alert Holdings Grp., Inc. v. Smith, et al.*, CV 18-00391 KJM; Order Denying Defendants Safe Home Control, Inc. and Erica Smith's Motion to Dismiss All Claims Against Defendant Trevyn Smith Pursuant to Federal Rule of Civil Procedure 25

---

[2] The SHC Defendants also argue that Defendant Trevyn's claims are subject to dismissal pursuant to Federal Rule of Civil Procedure 41(b). *See* ECF No. 147 at 12-13. Because the SHC Defendants raise this argument for the first time in their Reply, however, the Court disregards it. *See* LR7.2 ("Any argument raised for the first time in the reply shall be disregarded.").